IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| EVEREST REAL ESTATE § | Case No. _____ | |
| INVESTMENTS, LLP[1] § | | |
|    Debtor in Possession § | Chapter 11 | |

**EXPEDITED APPLICATION OF EVEREST REAL ESTATE INVESTMENTS,
LLP TO EMPLOY GENERAL COUNSEL
(The Gerger Law Firm PLLC)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**DEBTOR REQUESTS THE COURT HEAR THE MOTION ON August 18, 2020.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Everest Real Estate Investments, LLP ("Everest") represents:

---

[1] The Debtor in Possession, Everest Real Estate Investments, LLP, has used the following Assumed Names, shown on the Petition of Bankruptcy (ECF 1): ICON Hospital, ICON Skilled Nursing & Rehabilitation Facility, SE Texas ER and Hospital, SE Texas ER Hospital, Providence Hospital Northeast, SE Texas ER & Hospital.

1. Everest filed this Chapter 11 bankruptcy case and wishes to employ The Gerger Law Firm PLLC, with Alan Gerger as attorney in charge (collectively the "Law Firm") as its general counsel because the Law Firm has had considerable experience in matters of this character and believes that the law firm is well qualified to represent it in this case. It is in the best interest of the estate to employ the law firm as general counsel.

2. Everest proposes that the Law Firm shall perform the professional services listed below:

   (a) To render legal advice with respect to his powers and duties in the continued operation of Everest's businesses and management;
   (b) To take all necessary action to protect and preserve the bankruptcy estate, including the prosecution of actions on behalf of Everest, the defense of any actions commenced against Everest, negotiations concerning all litigation in which Everest is involved, and objecting to claims filed against Everest estate;
   (c) To prepare all necessary schedules, statements, motions, answers, orders, reports and other legal papers in connection with the administration of the estate;
   (d) To assist in preparing for and filing a disclosure statement and plan of reorganization and, if necessary, amendments thereto, at the earliest possible date; and
   (e) To perform any and all other legal services reasonably necessary or otherwise requested by Everest in connection with its Chapter 11 case and the formation and implementation for a Chapter 11 plan.

3. To the best of Everest's knowledge after diligent inquiry, the Law Firm has no disqualifying connection with Everest, its creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee as described in its affidavit, a copy of which is attached hereto as Exhibit "I". Based upon the Law Firm's affidavit, the Law Firm is disinterested.

4. The Law Firm represents no interest adverse to Everest or the estate in the matters upon which it is to be engaged, and its employment is in the best interest of the Estate.

5. Everest certifies that the Law Firm is not being employed to perform duties required to be performed by it as the debtor in possession. Everest informed the Law Firm that if it performs duties that are to be performed by the debtor in possession, then the Law Firm may not be compensated by the estate.

6. The Law Firm will charge its usual and customary rates for the work to be performed. Current hourly rates charged are $400.00 per hour for Alan Gerger, $200.00 to $250.00 per hour for law clerks and associate attorneys, some of whom may be employed on a part time basis by the Law Firm and $105.00 per hour for paraprofessionals. Expenses are charged at cost and in-house copies are charged at $.20 per page. The law firm understands that it cannot be compensated without notice and opportunity for hearing to creditors and parties in interest or as otherwise provided for in the local rules of bankruptcy procedure or by order of this Court.

7. Prior to the commencement of this case, on July 16, 2020, Everest paid the Law Firm $10,000.00 as a retainer which was deposited in the Law Firm IOLTA account. On August 8, 2020, $8,813.75 of this amount was withdrawn from Everest's account to pay the Law Firm for bankruptcy related services rendered leaving a balance of $1,186.25 attributable to Everest's account in the Law Firm IOLTA.

8. Everest has agreed to pay the Law Firm as follows: Monthly, the Law Firm shall provide a statement for services rendered and expenses advanced for the previous month. Within five (5) days of receipt of the statement, Everest shall pay to the Law Firm,

as additional retainer an amount that will pay the outstanding balance, if any, shown on the statement plus an amount sufficient to bring the retainer balance to $10,000. All funds paid as retainer are to be held in the Law Firm's trust account and to be disbursed in accordance with the Local and Federal Bankruptcy Rules and Bankruptcy Code, after notice and opportunity for hearing. Everest grants the Law Firm a security interest in all funds it pays to the Law Firm.

9. Dr. Thomas Vo, manager of the Debtor and principal of the majority owner of Everest has guaranteed payment of the Law Firm's fees and expenses incurred in this case. Payment of Everest's obligation to pay the Law Firm fees and expense incurred and approved in this case is guaranteed by Thomas Vo, MD, manager of Everest. Dr. Vo controls Micro Hospital Holdings LLC, which owns 4LN Partners LLC which owns 62.5% of Everest.

10. Since this application is filed within thirty (30) days of the commencement of the case, employment is presumed to be approved as of the filing date, August 3, 2020.

WHEREFORE, Everest prays that this Court enter an order authorizing it to employ the Law Firm as its general counsel, effective August 14, 2020, approve the procedure for payment described herein above, and grant Everest such other and further relief, in law and in equity, as is just.

Respectfully Submitted,

EVEREST REAL ESTATE INVESTMENTS, LLP

Signed: _____
Name: Dr. Thomas Vo, MD
Dated: August 14, 2020