IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| EVEREST REAL ESTATE | § | CASE NO. 20-34077 |
| INVESTMENTS LLP | § | |
|     DEBTOR IN POSSESSION | § | CHAPTER 11 |

### APPLICATION BY DEBTOR TO EMPLOY MOUERHUSTON PLLC FOR A SPECIAL PURPOSE PURSUANT TO 11 U.S.C. § 327(e)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

To the Honorable United States Bankruptcy Judge:

Everest Real Estate Investments, LLC ("Everest"), the captioned chapter 11 debtor in possession, represents:

1. Everest desires to employ MouerHuston, PLLC with Allison J. Miller-Mouer as attorney in charge (the "Law Firm") to represent it and its estate for the following Special Purpose: As special counsel in the lawsuit styled Cause No. 2019-17007, *Lisa Ayers as Representative of the Estate of Ronald Bruce Long and Victoria Long v. Everest Real Estate Investments, LLP, Everest Real Estate Investments LLP d/b/a ICON Hospital LLP, Icon Hospital LLP and Davita, Inc.* in the 189th Judicial District, Harris County, Texas (the "Lawsuit).

2. In the bankruptcy case, an agreed order (see dkt No. 139) was entered lifting the stay to permit the Lawsuit to proceed and provided that the Plaintiffs in the Lawsuit are "prohibited from enforcing or collection or recovering on the Judgement from (a) property of the Everest's bankruptcy estate, (2) Everest and its property and (3) any successor in interest to Everest or its property. Any satisfaction of a Judgment, if any, against Everest shall be limited to and only made from available from insurance proceeds, if any." However, while any potential Judgment is limited to insurance proceeds, Everest still requires representation in the Lawsuit to (i) manage and respond to discovery requests, (ii) participate and attend status conferences and hearings, (iii) respond to orders and requests from the Court, and (iv) prepare pleadings and motions, as needed. Engaging in this work is required for the Lawsuit to proceed and to protect Everest's interests.

3. The Law Firm maintains offices at 349 Heights Blvd, Houston, Texas 77007 with main telephone number 832-209-8871.

4. Everest selected the Law Firm because it has extensive experience in matters relating to civil litigation in the type arising out of the Litigation. Everest believes that the Law Firm can provide the estate with the required legal expertise to obtain the desired results in an effective and prudent manner.

5. Everest believes that the Law Firm is well qualified to represent it for the Special Purpose. Ms. Miller-Mouer's affidavit in support of this Application is attached hereto as Exhibit "A". As explained therein, the Law Firm will charge the following hourly rates: Ms. Miller-Mouer a reduced rate of $380.00 from $480.00 and Brittney N. Wallace, a paralegal, $170.00. Exhibit "B" contains biographical information of Ms. Miller-Mouer and of Ms. Wallace.

6. Everest has advised the Law Firm of the requirement that it obtain this Court's approval of the fees and reimbursement of expenses that it seeks to be paid.

7. The Law Firm does not represent or hold any interest adverse to Everest or the estate with respect to the Special Purpose.

8. As a matter of disclosure and in abundance of caution, the following connections are disclosed:

> The Law Firm previously provided legal services to Nutex Health, LLC and Tyvan, LLC, creditors of Everest, and may do so in the future. The matters in which the Law Firm provided legal services to Nutex Health, LCC and Tyvan, LLC were unrelated to and did not involve Everest, and all such matters have been resolved.

9. Except as may be set forth above and in the attached Affidavit, the Law Firm does not represent or hold any interest adverse to Everest or the matters on which it is to be engaged. The Law Firm understands that the duty to advise the Court or any connections with parties in interest is continuing in nature.

WHEREFORE, Everest prays that this Court approve the Law Firm with Allison Miller-Mouer as attorney in charge, represent Everest for the described Special Purpose and grant Everest such other relief, in law and in equity, as is just.

Dated: October ___, 2021

Respectfully submitted,

Everest Real Estate Investment, LLP

By: *Pamela W. Montgomery*
Name: Pam Montgomery,
Authorized Representative for
Everest Real Estate Investment, LLP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| EVEREST REAL ESTATE | § | Case No. 20-34077 |
| INVESTMENTS, LLP | § | |
|     Debtor in Possession | § | Chapter 11 |

## DECLARATION OF DISINTERESTEDNESS

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct:

1. I am a Partner of MouerHuston PLLC, located at 349 Heights Blvd., Houston, Texas 77007 (the "Firm").

2. The above-captioned debtor in possession (the "Debtor") has requested that the Firm provide legal services to the Debtor, for a special purpose, in the lawsuit styled Cause No. 2019-17007, *Lisa Ayers as Representative of the Estate of Ronald Bruce Long and Victoria Long v. Everest Real Estate Investments, LLP, Everest Real Estate Investments LLP d/b/a ICON Hospital LLP, Icon Hospital LLP and Davita, Inc*. in the 189th Judicial District, Harris County, Texas (the "Lawsuit). The Firm has consented to provide such services.

3. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its Estate with respect to the matter(s) upon which this Firm is to be employed.

4. An agreed order (*see* Dkt No. 139) was entered lifting the stay to permit the Lawsuit to proceed and provided that the Plaintiffs in the Lawsuit are "prohibited from enforcing or collection or recovering on the Judgement from (a) property of the Everest's bankruptcy estate, (2) Everest and its property and (3) any successor in interest to Everest or its property. Any

Exhibit A

1

satisfaction of a Judgment, if any, against Everest shall be limited to and only made from available from insurance proceeds, if any." While any potential Judgment is limited to insurance proceeds, the Debtor still requires representation in the Lawsuit to (i) manage and respond to discovery requests, (ii) participate and attend status conferences and hearings, (iii) respond to orders and requests from the Court, and (iv) prepare pleadings and motions, as needed. Engaging in this work is required for the Lawsuit to proceed and to protect the Debtor's interests.

5. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned case (the "Chapter 11 Case"), for persons that are parties in interest in the Chapter 11 Case. The Firm does not perform services for any such person in connection with the Chapter 11 Case or have any relationship with any such person or their attorneys or accountants that would be adverse to the Debtor or its Estate.

6. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimant, and parties in interest in the Chapter 11 Case.

7. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principals and regular employees of the Firm.

8. **The Debtor does not owe any amount to the Firm for prepetition services.**

9. As of the date the Chapter 11 Case was commenced (the "Petition Date"), the Firm was not party to an agreement for indemnification with the Debtor.

10. The Firm previously provided legal services to Nutex Health, LLC and Tyvan, LLC, creditors of the Debtor, and may do so in the future. The matters in which our firm provided

legal services to Nutex Health, LCC and Tyvan, LLC were unrelated to and did not involve the Debtor, and all such matters have been resolved.

      11.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

      Executed on October 7, 2021.

                                                                */s/ Allison J. Miller-Mouer*

ALLISON MILLER-MOUER

Allison is a business trial lawyer, representing clients in wide variety of industries, including energy, health care, manufacturing, commercial real estate and transportation. Allison has been the lead trial lawyer in self-dealing, fraud, breach of contract and contract termination cases.

Allison also serves as a de facto general counsel for many of her clients. Allison counsels her clients on a broad range of legal and business matters, from drafting and advising on commercial contracts and employee matters to mergers and acquisitions, entity formation and corporate governance matters, including shareholder and operating agreements.

Drawing on her litigation experience, Allison is uniquely qualified to provide transactional legal advice because she is quick to identify her clients' potential legal issues and provide creative solutions for avoiding and mitigating potential liabilities and lawsuits.

Allison is detail-oriented and results driven, and she excels at brokering business-wise solutions. When disputes cannot be avoided, however, Allison has a talent for distilling disputes into simple, relatable experiences for the jury or arbitrator.

Allison was named to the Texas Rising Stars list published by Super Lawyers, a Thomson Reuters publication and rating service, for eight consecutive years (2010 – 2017).

Prior to joining MouerHuston (f/k/a the Mouer Law Firm) in January 2015, Allison was a partner at Connelly Baker Wotring, LLP, and a law clerk for the Honorable Earl S. Hines, United States District Court, Eastern District of Texas.

CREDENTIALS:
ADMISSIONS
All courts in Texas and California
The United States Court of Appeals for the Fifth Circuit
The United States District Court for the Southern and Eastern Districts of Texas
EDUCATION
Northwest University, B.S.
Pepperdine University – School of Law, J.D., cum laude

Exhibit B

# BRITTNEY N. WALLACE

britnwallace@gmail.com | (832) 594-2182 | 2727 Revere St., Houston, Texas 77098

## EXPERIENCE

**Paralegal | Commercial Litigation | Corporate Transactions | Office Management**
MOUERHUSTON PLLC | June 2016 – Present

- Active participation in all facets of litigation cycle up to and including preparation for trials/final hearings.
- Extensive experience in drafting motions, discovery, discovery requests, and other motions practice; review of documents and preparation of productions; legal research and writing in litigation matters; close collaboration with senior partners on case strategy and execution in various State and Federal disputes.
- Research, develop, and implement programs to drive efficiency and advance productivity, including legal management software, timekeeping and accounting practices, internal policies, and billing procedures.
- Introduce and implement team building and company culture practices. Initiate and manage biannual team building events and monthly internal meetings.
- Organize and manage business practices with outside vendors, clients, and co-counsel to maintain positive accounts and business relations.
- Office Administration including database and file management; timekeeping and billing, accounts payable and account receivable; financial reporting; policy development; employee and client relations; vendor management.

**Intern | Complete Communities Division**
OFFICE OF MAYOR SYLVESTER TURNER | CITY OF HOUSTON | June 2019 – August 2019

- Examined data and conceptualized city project agendas with Bloomberg Associates to optimize productivity and execution of various department projects in Opportunity Zones throughout Houston.
- Evaluated and presented to Mayoral Office department managers project management software that was accepted and implemented throughout all City of Houston departments.

## EDUCATION

*B.S. Sociology, 3.7 GPA* | University of Houston | 2017-2020

## CERTIFICATIONS

*Continued Education Paralegal Program, Class Valedictorian* | University of Houston | 2016

*Advanced Legal Writing* | University of Houston Downtown | 2017

## TECHNOLOGY

MS Suite | QuickBooks | Adobe | Relativity | Westlaw | Clio (Legal Management) | Logikcull (E-Discovery)

## PROFESSIONAL AFFILIATIONS

National Society of Leadership and Success – Sigma Alpha Phi | 2019

Houston Paralegal Alumni Association | 2016

National Association of Legal Professionals | 2016